**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REHEMA OLUFEMI-JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-3428-L-BK** |
| | § | |
| **BANK OF AMERICA, N.A and** | § | |
| **RECONTRUST COMPANY** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS and RECOMMENDATION

Pursuant to the District Court's order of reference dated February 19, 2013 (Doc. 16), the

Court now considers Defendants' *Motion to Dismiss for Failure to State a Claim*.  (Doc. 6).

For the reasons discussed below, it is recommended that Defendants' motion be

**GRANTED ONLY IN PART**.

## BACKGROUND

This suit stems from Defendants' foreclosure of Plaintiff's home.  (Doc. 1-3 at 3).

Plaintiff Rehema Olufemi-Jones alleges in her first amended state court petition that, in 2006,

she entered into a mortgage agreement with Countrywide Home Loans, Inc. to purchase a

residence in Lancaster, Texas.  *Id.*  Plaintiff states that, in October 2011, she received a letter

from Defendant ReconTrust Company ("ReconTrust"), which stated Plaintiff was behind on her

mortgage payments, had thirty days to dispute the debt, and that the debt was being accelerated.

*Id.*  The letter listed Defendant Bank of America, N.A. ("Bank of America") as Creditor and

identified ReconTrust as Substitute Trustee.  *Id.* at 3-4.

Plaintiff alleges, *inter alia*, that contrary to the October 2011 letter, which identified

ReconTrust as Substitute Trustee, ReconTrust was not appointed as Substitute Trustee until

November 3, 2011.  *Id.* at 4.  Plaintiff further alleges that subsequently, on November 21, 2011, she retained counsel to inform ReconTrust of deficiencies in its pre-foreclosure documentation. *Id.*  Plaintiff alleges that despite Plaintiff's counsel's letter and admonishments, on December 6, 2011, Bank of America conducted a foreclosure sale of Plaintiff's residence for $74,277.00.  *Id.*

Plaintiff avers that on February 1, 2012, she received a demand letter to vacate her premises within thirty days, and on March 12, 2012, Bank of America filed its Forcible Detainer Action in Justice of the Peace Court.  *Id.*

In March 2012, Plaintiff filed suit in state court against Defendants Bank of America and ReconTrust  (collectively "Defendants") alleging:  (1) Bank of America had no authority to foreclose on her property due to a lack of evidence of an assignment of the Deed and Note from Countrywide Home Loans, Inc. to Bank of America; (2) violations of the Texas Deceptive Trade Practices Act (DTPA); (3) violations of the Texas Theft Liability Act (TTLA); (4) common law fraud; (5) failure to provide and file proper notice of the foreclosure sale, in violation of the Deed of Trust and Texas Property Code § 51.002; and (6) emotional distress.  *Id.* at *passim.* Additionally, Plaintiff seeks declaratory relief.  *Id.* at 11.  On August 24, 2012, Defendants removed the case to this Court and filed their motion to dismiss Plaintiff's First Amended Petition pursuant to Federal Rule of Civil Procedure 12(b)(6).

## APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  In order to overcome a Rule 12(b)(6) motion, a complaint should "contain

either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Id.*

## <u>ANALYSIS</u>

*1. Defendants' Authority to Foreclose and to Issue Notice of Sale*

Plaintiff contends, *inter alia*, (1) there is no contractual privity between Plaintiff and Defendant Bank of America, (2) Countrywide Home Loans, Inc., the only party listed on the original Deed of Trust, is the only party that could initiate a Notice of Default or foreclosure, and (3) there is no evidence that Bank of America was a duly authorized assignee or endorsee of the Note and Deed of Trust.  (Doc. 1-3 at 6).  Plaintiff additionally posits that Defendant ReconTrust lacked the legal authority to issue a notice of default or accelerate the debt because it was not appointed as Substitute Trustee until twenty days after it provided Plaintiff with a Notice of Default.  *Id.*  She also alleges that Defendants failed to file the required notice of foreclosure sale in the county or deed records, and to serve her with that notice as required by the Deed of Trust and Texas Property Code section 51.002.  (Doc. 1-3 at 5).

In their motion to dismiss, Defendants contend that Mortgage Electronic Registration Systems, Inc. ("MERS"), listed in the Deed of Trust as beneficiary and nominee for Lender and Lender's successors and assigns, executed an Assignment of the Deed of Trust to Countrywide Home Loan Servicing, LP.  (Doc. 7 at 3).  Defendants claim that Bank of America, (successor by merger to BAC Home Loans Servicing, LP, formerly known as ("fka") Countrywide Home Loan Servicing, LP) subsequently executed a corporate assignment to Bank of America for the benefit

of the HASCO 2006-HE1 Trust.  *Id.* at 4.  Defendants have attached to their motion copies of (1) the May 26, 2011 Assignment of the Deed of Trust from MERS to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing LP, and (2) the Corporation Assignment of  Deed of Trust/Mortgage from Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP for the benefit of the HASCO 2006-HE1 Trust.  (Doc. 8-1 at 2, 4).  Additionally, Defendants aver that ReconTrust was authorized to send a notice of default on behalf of the loan servicer, Bank of America.  (Doc. 7 at 4).  In response, Plaintiff maintains that there is no evidence that Bank of America was a "duly authorized assignee or endoresee" of the Deed of Trust or Note, and that ReconTrust had no legal authority to issue a notice of default or accelerate the debt.  (Doc. 11 at 9).

Upon review of the submitted public documents, the Court concludes that Bank of America had the requisite authority to foreclose on Plaintiff's property.[1]  Just as Defendants' contend, the original Deed of Trust names as lender Countywide Home Loans, Inc., and names MERS as "beneficiary" and nominee for Lender and Lender's successors and assigns.  (Doc. 1-3 at 24).  The Deed of Trust grants MERS the authority to "exercise . . . the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to,

---

[1] Although, generally, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion, "[i]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).  Here, the Court takes judicial notice of copies of documents recorded in the official public records of Dallas County. *See* Doc 8-1 at 2, 4.

releasing and canceling" the security instrument.[2]  *Id.* at 25.  The subsequent Assignment of

Deed of Trust shows that MERS assigned all beneficial interests under the Deed of Trust and

Note to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.  (Doc. 8-

1 at 2).  Finally, the Corporation Assignment of Deed of Trust/Mortgage shows "Bank of

America, NA, successor by merger to BAC Home Loans Servicing fka Countrywide Home

Loans Servicing, LP" assigned all beneficial interest under Plaintiff's Deed to "Bank of America,

NA, successor by merger to BAC Home Loans Servicing fka Countrywide Home Loans

Servicing, LP for the benefit of the HASCO 2006-HE1 Trust," as of December 5, 2011.  *Id.* at 4.

In sum, "the plain language of the deed of trust specifically provide[s] that MERS would have

the power of foreclosure and sale, [and] MERS had the power of foreclosure and sale, which was

passed on to Bank of America upon MERS's assignment."  *Reynolds v. Bank of Am., N.A.*, 3:12-

CV-1420-L, 2013 WL 592176, at *8 (N.D. Tex. Feb. 14, 2013) (dismissing Plaintiff's claim that

MERS, as nominee of the lender, lacked authority to assign a deed a trust to Bank of America).

 Additionally, under Texas law, "the validity of a foreclosure turns on whether the

mortgagee strictly complied with the terms of the deed of trust in naming a substitute trustee."

*Reynolds v. Allstate Ins. Co.*, 629 F.2d 1111, 1113 (5th Cir. 1980); *see also* TEX. PROP. CODE §

51.0075(c) ("a mortgagee may appoint or may authorize a mortgage servicer to appoint a

substitute trustee or substitute trustees to succeed to all title, powers, and duties of the original

trustee.").  Here, the Deed of Trust permits the "Lender, at its option and with or without cause…

from time to time, by power of attorney or otherwise, [to] remove or substitute any trustee…

without the necessity of any formality other than a designation by Lender in writing."  (Doc. 1-3

at 32).  Accordingly, ReconTrust had the authority to issue a notice of default or to accelerate the

---

[2] Contrary to Plaintiff's assertion (Doc. 1-3 at 6), it is of no consequence that while her mortgage agreement was with Countrywide Home Loans, Inc., MERS exercised its authority to assign the Note and Deed of Trust to Countrywide Home Loans Servicing, LP.

debt as authorized by Lender Bank of America, without the necessity of the formality of filing. Consequently, Plaintiff's argument that ReconTrust lacked authority to issue a notice of default since it was not appointed until after the Notice of Default, also lacks merit.

Plaintiff cannot and has not stated a viable claim against Defendants based on her allegations that Defendant Bank of America lacked authority to foreclose.  As mentioned previously, said allegations are premised solely on her conclusory assertion that Country Wide Home Loans Servicing, LP, and not Defendant Bank of America, was the original party to the Note and Deed of Trust.  For the reasons previously discussed, that premise is faulty. Accordingly, all claims that rely on it necessarily fail and should be dismissed.

*2. Failure to Provide Notice of Foreclosure Sale*

Plaintiff alleges that Defendants failed to properly notice the foreclosure sale, in violation of Texas Property Code section 51.002, and paragraph 22 of the Deed of Trust.[3]  (Doc. 1-3 at 5,

---

[3]     Paragraph 22 of the Deed of Trust states in part

> If the Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to the sale as provided by Applicable Law. Lender shall mail a copy of the notice to Borrower in the manner prescribed by Applicable Law.

(Doc. 1-3 at 32).

Section 51.002 of the Texas Property Code provides:

> (b) Notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by: (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold; (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); *and* (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

12).  Specifically, Plaintiff alleges Defendants failed to properly file notice of sale and serve a copy of the same on her.  *Id.*   Defendants counter that the Notice of Substitute Trustee Sale was filed with the county clerk, and have attached a copy of the notice to their motion to dismiss. (Doc. 7 at 9; Doc. 8-1 at 6).  In her response to the motion to dismiss, Plaintiff reasserts that Defendants failed to provide her with written notice of the sale through certified mail.  (Doc. 11 at 3, 8).  Additionally, Plaintiff contends there is no evidence that the notice was filed in the county clerk's office or the deed records, because the attached notice contains an "unsigned date stamp."  *Id.* at 14.

Plaintiff's argument that Defendants failed to file notice of the sale is meritless.  The copy of the Notice of Substitute Trustee Sale provided by Defendants clearly indicates that it was filed with the county clerk on November 14, 2011 – more than 21 days before the foreclosure sale date of December 6, 2011.  Thus, Plaintiff's claims for relief based on this allegation should be dismissed.  However, Plaintiff's allegations that Defendants failed to provide notice of the sale to her, in violation of the Texas Property Code § 51.002(b) and in breach of the Deed of Trust, survive the motion.  While Defendants mention Plaintiff's allegation in their motion to dismiss, they have not addressed it nor submitted documentation that Plaintiff received notice via certified mail as required.

*3. DTPA*

In support of her claims under the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"), Plaintiff alleges Defendants' assertion that ReconTrust was Substitute Trustee for purpose of giving notice of default, when ReconTrust was not appointed as the Substitute Trustee until after notice was given, was "false, misleading and deceptive"; and that

_____

TEX. PROP. CODE § 51.002(b) (emphasis added).

she relied on the statement to her detriment.  (Doc. 1-3 at 7).   Plaintiff also contends the "acts of

Defendants in filing the fraudulent Trustee's Deed with knowledge that the Notice of Sale had

not been recorded as required by the terms of the Deed of Trust was false, misleading and

deceptive."  (Doc. 1-3 at 7-8).   In their motion to dismiss, Defendants argue that Plaintiff is not a

consumer and therefore lacks the requisite standing to bring an action under the DTPA, averring

that Plaintiff did not purchase or acquire a good or service.  (Doc. 7 at 4-5).  Defendants'

argument is well taken.  Despite using related code words and phrases, Plaintiff has failed to

state a viable claim for relief under the DTPA.

To plead a plausible DTPA claim, it is not enough to allege that a defendant committed a

"deceptive trade practice."  Under the DTPA, "a consumer may maintain an action where any of

the following [i.e., a list including 'deceptive act or practice'] constitute a producing cause of

economic damages or damages for mental anguish." TEX. BUS. & COM. CODE § 17.50.   Thus, to

proceed under the DTPA, a plaintiff must plead sufficient facts to establish his standing to bring

suit as a consumer.  *Biggers v. BAC Home Loans Servicing*, LP, 767 F. Supp. 2d 725, 733 (N.D.

Tex. February 10, 2011) (Fitzwater, J.).  To qualify as a consumer under the DTPA, (1) the

plaintiff must have sought or acquired goods or services by purchase or lease, and (2) the goods

or services purchased or leased must form the basis of the complaint.  TEX. BUS. & COM. CODE §

17.45(4).  A person who only seeks to borrow money is not a consumer within the meaning of

the DTPA, because lending money involves neither a good nor a service. *La Sara Grain Co. v.

First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984).

In the case *sub judice*, Plaintiff has not and cannot establish that she is a consumer under

the DTPA.  Plaintiff's sole purpose of executing the underlying Note and Deed of Trust was to

borrow money.  The extension of credit or borrowing of money does not constitute "goods" or

"services" under the DTPA.  *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 175 (Tex. 1980);

*see also FDIC v. Munn*, 804 F.2d 860, 863 (5th Cir. 1986) (summarizing Texas law as holding

that "goods" and "services" do not include intangible chattel such as stocks, money, or loans).

Moreover, as previously discussed herein, Plaintiff's argument that ReconTrust lacked authority

as a Substitute Trustee to issue the notice of default is without merit and, thus, it cannot support

any of her claims.  Plaintiff's DTPA claims should be dismissed.

*4. Texas Theft Liability Act*

Plaintiff claims Defendants conspired to commit civil theft, in violation of the Texas

Theft Liability Act ("TTLA"), by wrongfully appropriating her property "with the intent to

deprive" her of the property.  (Doc. 1-3 at 10).  In their motion to dismiss, Defendants argue

Plaintiff's allegations under this act should be dismissed because they are mere legal conclusions

and void of factual support.  (Doc. 7 at 6).  Plaintiff responds by stating Defendants' failure to

provide notice, as required by the Texas Property Code, and the subsequent taking of Plaintiff's

residence constitute "civil theft."  (Doc. 11 at 11).

The TTLA allows for recovery of actual damages, and up to $1000 in additional

damages, from a person/entity who commits the criminal offense of "theft," which is defined as

"unlawfully appropriating property or unlawfully obtaining services as described by [the Texas

Penal Code]."[4]  TEX. CIV. PRAC. REM. CODE ANN. §§ 134.002(2), 134.005 (West 2013).  Under

the Texas Penal Code, to "appropriate" is "to bring about a transfer or purported transfer of title

to or other nonpossessory interest in property, whether to the actor or another, or to acquire or

otherwise exercise control over property *other than real property*."  TEX. PENAL CODE ANN. §

31.01 (West 2013) (emphasis added).  Because Plaintiff's claim involves real property, she

_____

[4]  The elements of a TTLA claim are comprised of the elements of the underlying Texas Penal
Code allegation under which the claim is brought.  *See Mid-Town Surgical Ctr., LLP v. Blue
Cross Blue Shield of Tex.*, 2012 WL 3028107, at *4 (S.D. Tex. July 24, 2012).

necessarily cannot recover under the TTLA.  Accordingly, Plaintiff's TTLA claim should be dismissed with prejudice.

*5.  Common Law Fraud*

In support of her common law fraud claim, Plaintiff alleges Defendants "intentionally misrepresented that they properly provided a Notice of Default, properly filed and posted the Notice of Sale and preformed other prerequisites to foreclosure."  (Doc. 1-3 at 10).  Defendants assert Plaintiff's claim should be dismissed because it fails to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b).  (Doc. 7 at 6-7).  Specifically, Defendants allege Plaintiff's claim is void of factual support and fails to identify the details of any alleged misrepresentation, including its content, time, identity of speaker, or Plaintiff's reaction to this misrepresentation.  *Id.* at 7.  In response, Plaintiff maintains Defendants' misrepresentations consist of its failures to provide the required notices of default and sale.  (Doc. 11 at 11).

Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  *In re First Merit Bank*, 52 S.W.3d 749, 758 (Tex. 2001).  "Alternatively, a plaintiff may, in limited circumstances, claim fraud by omission: '[S]ilence may be equivalent to a false representation only when the particular circumstances impose a duty on the party to speak and he deliberately remains silent.'" (citing *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex.2001)).

Under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must "state with particularity the circumstances constituting fraud or mistake."  In the Fifth Circuit, "[p]leading

fraud with particularity requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Techs., Inc*., 112 F.3d 175, 177 (5th Cir. 1997).  These heightened pleading requirements apply equally to state law claims of fraud.  *Id.*

 In this case, while Plaintiff alleges Defendants' intentional misrepresentation or omission of failing to properly provide notice of default and notice of foreclosure sale, she has wholly failed to allege that such she acted in reliance on such omission or misrepresentation, or that the alleged omission or misrepresentation was made by Defendants in an effort to induce her action. Thus, Plaintiff's fraud claim is fundamentally flawed and cannot survive the motion to dismiss. *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact." (citing *Tuchman v. DSC Commc'ns Corp*., 14 F.3d 1061, 1067 (5th Cir. 1994)).

 Thus, Plaintiff's fraud claims should be dismissed.

*6. Emotional Distress*

 Plaintiff contends Defendants' actions of breaching the Deed of Trust, noticing Plaintiff to vacate her home, and filing a forcible detainer were done with knowledge of the alleged deficiencies in the foreclosure proceedings, and that their trespass on her property caused Plaintiff severe emotional distress.  (Doc. 1-3 at 14).  In their motion, Defendants argue Plaintiff has failed to provide facts to support an intentional infliction of emotional distress claim.  (Doc. 7 at 9-10).  Plaintiff failed to counter this argument in her response to the motion to dismiss.

Defendants' argument is well taken.  Plaintiff has failed to plead facts supporting her

claim of intentional infliction of emotional distress: namely, that: (1) Defendants acted

intentionally or recklessly; (2) the emotional distress suffered by the Plaintiff was severe; (3)

Defendants' conduct was extreme and outrageous; and (4) Defendants' conduct proximately

caused the emotional distress.  *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006).

Except as to her claims of lack of notice of the foreclosure sale, Plaintiff's intentional infliction

of emotional distress claim should be dismissed with prejudice.

*7. Declaratory Relief*

Defendants argue Plaintiff's request for declaratory relief fails to state a viable claim for

relief because Plaintiff's underlying claims for relief fail.  (Doc. 7 at 8).  Defendants are correct

that the availability of a declaratory judgment depends upon the existence of a judicially-

remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  Thus, as to all claims except

those relating to the lack of notice to Plaintiff of the foreclosure sale, Plaintiff's request for

declaratory relief should be dismissed.

*8. Leave to Amend*

Plaintiff has requested the opportunity to again amend her petition, should the Court find

that her claims are insufficiently pled.  (Doc. 11 at 15).  Leave to amend is to be freely given

when justice so requires, however, denial of leave is appropriate when the proposed amendment

would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of

amendment as an adequate justification to refuse to grant leave to amend).  The decision whether

to grant a motion to amend is generally left to the sound discretion of the district court.  *Smith v.*

*EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

For the reasons discussed in detail herein, Plaintiff's claims relating to (1) Bank of America's lack of authority to foreclose; (2) violations of the DTPA; (3) violations of the TTLA; (4) common law fraud; (5) failure to file proper notice of the foreclosure sale; and (6) intentional infliction of emotional distress fail to state viable claims for relief.  The Court concludes that no new factual assertions can cure their infirmities.  However, as Defendants have offered neither argument nor evidence in support of the dismissal of Plaintiff's claims stemming from their alleged failure to properly serve her with notice of the foreclosure sale, those claims are not subject to dismissal at this time, and, therefore, Plaintiff should be permitted to amend her complaint as it relates to this allegation only.

### RECOMMENDATION

For the reasons stated above, Defendants' *Motion to Dismiss for Failure to State a Claim* (Doc. 6) should be **GRANTED IN PART** and all Plaintiff's claims, except those whose basis is Defendants' alleged failure to provide Plaintiff with notice of sale as required by the Deed of Trust and Texas Property Code, should be **DISMISSED WITH PREJUDICE**.  Plaintiff's request for leave to amend her complaint should be granted only as to her claims emanating from Defendants' alleged failure to provide Plaintiff with notice of sale as required by the Deed of Trust and Texas Property Code.

**SIGNED** March 6, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE