IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REHEMA OLUFEMI-JONES**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-3428-L** |
| | § | |
| **BANK OF AMERICA, N.A. and** | § | |
| **RECONTRUST COMPANY,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss for Failure to State a Claim, filed

September 14, 2012, and Plaintiff's Motion to Reconsider and for Clarification as to Order RE:

12(B)6 Motion to Dismiss, filed April 4, 2013. Defendants' motion to dismiss was referred to

Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation

of the United States Magistrate Judge ("Report") on March 6, 2013, recommending that Defendants'

Motion to Dismiss for Failure to State a Claim be granted in part and all of Plaintiff's claims, except

those based on Defendants' alleged failure to provide Plaintiff with notice of sale as required by

paragraph 22 of the Deed of Trust and section 51.002(b) of the Texas Property Code, be dismissed

with prejudice. The magistrate judge further determined that Plaintiff's request to file a seconded

amended complaint should be denied because she has "fail[ed] to state viable claims for relief [and]

. . . no new factual assertions can cure their infirmities." Report 13.

Plaintiff did not file objections to the Report. Instead, she filed a Motion to Reconsider and

for Clarification as to Order RE:12(B)6 Motion to Dismiss, on April 4, 2013, after the deadline for

objections had passed. In her motion for reconsideration, Plaintiff requests to amend her claims

based on breach of contract, Deceptive Trade Practices, Theft Liability Act violations, fraud, and the Declaratory Judgment Act.  Without elaborating, Plaintiff also reurges her conclusory argument, which was rejected by the magistrate judge, that "[i]t does not appear" Bank of America has capacity or standing to appear before the court because it does not appear that it is in the direct chain of title or received an assignment of the property.  Pl.'s Obj. 3.

Since Plaintiff seeks reconsideration of the magistrate judge's determination on Defendants' motion to dismiss, the court construes Plaintiff's motion for reconsideration as objections to the Report.  Plaintiff did not seek an extension of time to file objections, and she provides no explanation as to why she failed to file objections within the time required by Rule 72 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).  Plaintiff therefore has not shown excusable neglect and waived any objections she may have had to the Report.  Fed. R. Civ. P. 6(b)(1)(A)-(B).  Even assuming without deciding that Plaintiff has shown excusable neglect, the court agrees, for the reasons herein discussed, with the magistrate judge's determination that Plaintiff's claims, except those based on Defendants' alleged failure to provide notice of sale, should be dismissed because she has failed to state claims upon which relief can be granted, and Plaintiff's proposed amendments would not cure her defectively pleaded claims.

## I.   Plaintiff's Objections to the Report and Requests to Amend

### A.   DTPA

With regard to her DTPA claim, Plaintiff asserts, without citing any authority, that there is Texas Supreme Court authority "which rules that the entire transaction, the purchase of a home is the good/service issue that establishes Plaintiff's status as a consumer" under the DTPA and she

should therefore be permitted to "amend her pleadings to conduct discovery to establish the facts in support of the claim." Pl.'s Br. 6.  The court disagrees.

Whether a person qualifies as a consumer under the DTPA is a question of law for the court to decide. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App.   San Antonio 2002, pet. denied). A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or a service. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984). Likewise, the servicing of an existing loan and the request to modify an existing loan do not involve a good or service.  *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011); *Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 164, 167 (Tex. App.   Austin 1996, no pet.) (finding loan servicing to be an ancillary service not contemplated by the DTPA); *Porter v. Countrywide Home Loans, Inc.*, No. V-7075, 2008 WL 2944670, *3 (S.D. Tex. July 24, 2008) ("A borrower whose sole objective is a loan does not become a consumer merely because the lender provides services incidental to the loan that are not independent objectives of the transaction.").  Here, the basis of Plaintiff's alleged DTPA claim is with regard to the loan and Defendants' allegedly improper foreclosure under the Deed of Trust. Plaintiff alleges no complaint about the home or real property itself. *Walker v. Federal Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992).  Accordingly, Plaintiff does not qualify as a consumer, and her DTPA claim fails as a matter of law.  *Id.*

### B.   Contract Claim

Plaintiff requests to amend her contract claim on the grounds that:

[T]there is no evidence that Plaintiff has breached the terms of the Deed of Trust by such that a suit on Defendant's breach of the Deed of Trust cannot be heard by the Court. Non-payment of the Note is not tantamount to a contractual breach of the deed

of trust. Appellant seeks the opportunity to pursue its claim that Appellee failed to
take actions that are prerequisites and preconditions to enforcement of the terms of
the Deed of Trust. Defendants' failures are not only a failure to meet the conditions
precedent but a violation of the contractual terms of the Deed of Trust which Plaintiff
seeks to develop.

Pl.'s Br. 6.

Plaintiff's live pleadings state a claim for breach of the Deed of Trust based on Defendants'

alleged failure to provide the requisite notice of the sale under paragraph 22 of the Deed of Trust.

Plaintiff also contends that section 51.002(b) of the Texas Property Code is incorporated into her

Deed of Trust, and Defendants failed to comply with section 51.002(b) of the Texas Property Code,

which requires notice of sale to be given 21 days before the date of sale.  The magistrate judge

determined that Plaintiff's claim, based on Defendants' alleged failure to provide Plaintiff with

notice of sale as required by paragraph 22 of the Deed or Trust and the Texas Property Code, *should

not be dismissed*.  Thus, it is unclear why Plaintiff is objecting to the magistrate judge's

determination regarding her contract claim. To the extent Plaintiff is not objecting to the magistrate

judge's determination regarding her contract claim but merely seeking to amend her pleadings as to

her contract claim, her request to amend, with regard the proposed amendment, will be denied.

Plaintiff's contention that "Defendant's breach of the Deed of Trust cannot be heard by the

Court" is nonsensical and does not justify the proposed amendment because Defendants have not

asserted any counterclaims in this case.  Further, Plaintiff does not seek to amend her pleadings to

allege that she cured the default by paying the $156,959.25 owed; nor does she seek to amend her

pleadings to allege that she was current on her payments.  Instead, Plaintiff seeks to amend on the

grounds that "[n]on-payment of the Note is not tantamount to a contractual breach of the deed of

trust." Pl.'s Br. 6.  Plaintiff's contract claim as currently pled does not address failure to make

payments under the Note.  Plaintiff's contention in this regard would therefore constitute a new basis for her contract claim.

Plaintiff, however, cites no authority for her contention that nonpayment of a note does not constitute a breach of the deed of trust.  Instead, she cites case authority for the proposition that a promissory note and lien constitute separate obligations.  *Id*.  Plaintiff's argument in this regard reflects a fundamental misunderstanding of how nonjudicial foreclosure proceedings conducted pursuant to a deed of trust under Texas law work.  Moreover, the Deed of Trust here expressly requires Plaintiff, as the borrower, to make payments under the Note.  Accordingly, failure to make payments under the Note would constitute a breach of the Deed of Trust.  Plaintiff's contention regarding nonpayment is therefore without merit.  Because Plaintiff's request to amend her contract claim is not supported by the law or facts of this case, the court will deny Plaintiff's request to amend her pleadings in support of her contract claim to allege new facts or legal theories related to the proposed amendment.

### C.    Texas Theft Liability Act

Plaintiff contends that she should be allowed to establish that Defendants' "action was without consent and theft is being denied [because] Borrower/Plaintiff only agreed via the Deed of Trust that Defendant[s] could take certain specific acts to foreclosure."  Pl.'s Br. 8.  Plaintiff contends that if Defendants filed documentation in the Dallas County Records establishing ownership when they did not take required steps prior to foreclosure, their conduct rises to the level of civil theft.  She therefore requests to amend her pleadings "to develop the cause of action and to establish that Defendant's action rose to the level of theft."  *Id*. at 9.

The elements of a cause of action under the Texas Theft Liability Act ("TLA") are: (1) the plaintiff had a possessory right to property or was the provider of services; (2) the defendant unlawfully appropriated property or unlawfully obtained services in violation of certain sections of the Texas Penal Code; and (3) the plaintiff sustained damages as a result of the theft. Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.003; Tex. Penal Code §§ 31.03(a). The plaintiff must also allege that the defendant possessed an intent to deprive the plaintiff of her property permanently or for an extended period of time.  Tex. Penal Code § 31.03.  "Property" includes real property.  Tex. Penal Code § 31.01(5).  Deprive means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." Tex. Penal Code § 31.01. "Appropriation of property is unlawful if it is without the owner's effective consent." *Id.* § 31.01(2).

Defendants moved to dismiss Plaintiff's TLA claim on the grounds that her pleadings merely recited the elements of a TLA claim without setting forth any supporting factual allegations.  The magistrate judge incorrectly determined that Plaintiff's TLA claim failed because it involves real property.  The court, nevertheless, concludes that Plaintiff's TLA claim fails because she failed to allege that Defendants intended to deprive the plaintiff of her property permanently or for an extended period of time.  In her objections, she contends that she should be permitted to develop her TLA claim because Defendants failed to satisfy the Texas Property Code's notice requirements and failed to give her 20 days to cure the default as required by the Texas Property Code.  Even assuming that Plaintiff is correct, Defendants' alleged failure to satisfy the Texas Property Code's requirements alone does not establish a claim under TLA and fails to address the critical element of intent required for a TLA claim.  Thus, Plaintiff's proposed amendment, even if proved, is insufficient to establish

that Defendants' failed to satisfy the procedural requirements for foreclosure under Texas law *with the intent of unlawfully depriving Plaintiff of her property*.  Thus, Plaintiff's proposed amendment will not cure the defect in her TLA claim as pled, and her request to amend in this regard will be denied.

### D.    Fraud

Plaintiff's fraud claim is based on her contention that Defendants intentionally misrepresented that they provided Plaintiff with a notice of default and notice of sale and performed other prerequisites for foreclosure.  Plaintiff contends that such representation(s) was material and resulted in the sale of the property and caused Plaintiff to retain counsel to protect her interests. Plaintiff also contends that Defendants:

> failed to disclose a material fact within their knowledge; (2) knowing that Plaintiff would be ignorant of the fact and that Plaintiff would not have an equal opportunity to discovery the truth; (3) *intended to induce Plaintiff to relinquish her claim on the property by their failure to disclose the fact that they did not properly declare an incident of default as required under the terms of the deed of trust*; and [Plaintiff] has suffered pecuniary losses and mental anguish as a result of acting without knowledge of the undisclosed fact.

Am. Pet. 9 (emphasis added).

Defendants moved to dismiss Plaintiff's fraud claim on the grounds that she has not pled facts to satisfy the elements of common law fraud and Rule 9(b)'s heightened pleading requirements. Specifically, Defendants contend that:

> Plaintiff's fraud claim must fail because Plaintiff has not identified a single misrepresentation made by Defendants, nor has Plaintiff pled the time or content of an alleged misrepresentation, the identity of the speaker, the benefit the speaker gained from the misrepresentation, or how Plaintiff acted on any alleged misrepresentation. Plaintiff's fraud claim is devoid of factual enhancement and does not even approach the pleading requirements of Rule 9 (b). The Petition lacks factual

allegations supporting an actionable claim for fraud, and such claim should therefore
be dismissed.

Defs.' Br. 7-8.  The magistrate judge agreed with Defendants and determined that Plaintiff's fraud

claim should be dismissed because she failed to plead facts, which if proved, would establish that

she relied on the alleged misrepresentations and omissions by Defendants.  The magistrate judge

stated:

> [W]hile Plaintiff alleges Defendants' intentional misrepresentation or omission of
> failing to properly provide notice of default and notice of foreclosure sale, she has
> wholly failed to allege that such she acted in reliance on such omission or
> misrepresentation, or that the alleged omission or misrepresentation was made by
> Defendants in an effort to induce her action. Thus, Plaintiff's fraud claim is
> fundamentally flawed and cannot survive the motion to dismiss. *See Collins v.
> Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid
> dismissal for failure to state a claim, however, a plaintiff must plead specific facts,
> not mere conclusory allegations. We will thus not accept as true conclusory
> allegations or unwarranted deductions of fact.")] (citing *Tuchman v. DSC Commc'ns
> Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

Report 11.

In her objections to the Report and response to Defendants' motion to dismiss, Plaintiff does

not address the matters raised in Defendants' motion to dismiss or the Report.  Plaintiff instead

contends that the economic loss rule, which was not discussed by either Defendants or the magistrate

judge, does not bar her fraud claim.  In making this argument, Plaintiff refers to defendants "Fifth

Third Mortgage" and "Fifth Third Bank," who are not and have never been parties in this action.

She also quotes to paragraph 29 of her pleadings, but the quoted material does not appear in

paragraph 29 of her live pleadings.  Pl.'s Br. 5.  Thus, it appears that Plaintiff's argument in this

regard may have been mistakenly copied and pasted from briefing in another lawsuit.

In any event, the court determines that the magistrate judge correctly determined that Plaintiff has failed to plead that she relied on the alleged misrepresentations or omissions.  The court further determines that any attempts by Plaintiff to plead reliance in this regard would be futile.  As correctly noted by Defendants, Plaintiff does not plead any facts as to when the alleged affirmative misrepresentations or omissions occurred.  As best as the court can glean from her pleadings and responsive brief, it appears that Plaintiff is referring to statements made in the December 6, 2011 Substitute Trustee's Deed.  Pl.'s Resp. 11 ("Bank of America filed an affidavit falsely stating that it had met the preconditions to foreclosure. The filing of the Trustee's Deed alleging that the preconditions had been met deprived Plaintiff of ownership of her Property.").  The Substitute Trustee's Deed attached to Plaintiff's pleadings states that notices of sale and default were provided by the mortgagee or mortgage services as required by law. Plaintiff appears to contend that Defendants statements in this regard caused her to not pursue her alleged rights in the property or induced her into relinquishing her rights in the property prior to the foreclosure; however, Plaintiff could not have possibly acted in reliance in this regard *before* the foreclosure based on statements *subsequently* made by Defendants on the date of the sale and foreclosure.  Moreover, Plaintiff does not allege that she was aware of statements in the Substitute Trustee's Deed that she contends induced her into inaction.

Even assuming that Plaintiff's fraud claim is based on representations or omissions prior to the foreclosure, Plaintiff alleges and asserts in her responsive brief and objections that she retained counsel on November 21, 2011, after receiving an October 13, 2011 notice of default from Defendants.  In this regard, Plaintiff further alleges that on November 21, 2011, her counsel "informed [Defendants] of the deficiencies in their pre-foreclosure documentation." Am. Pet. 3, ¶¶

11-12.  Attached to Plaintiff's pleadings is the letter her attorney sent to Recontrust Company, N.A,

wherein counsel informed Defendants of the alleged deficiencies regarding the notice of sale and her

belief that any attempt by Defendants to foreclose on the property were fraudulent and violated state

and federal law and the Deed of Trust.  *Id.*, Exh. D.  Thus, contrary to her assertion that she was

induced into inaction, Plaintiff's pleadings establish that she was not only aware of the alleged

deficiencies, but she also retained counsel to act on her behalf in asserting her rights in the property.

Additionally, although Plaintiff contends that Defendants did not provide her with notice of

default and intentionally misrepresented that they did provide her with such notice, Plaintiff

expressly acknowledges in her pleading that she received notice of default.  Am. Pet. 3, ¶ 10 ("On

November 3, 2011[,] nearly twenty (20) days after serving the Notice of Default, RECONTRUST

was Appointed Substitute Trustee.").  Accordingly, Plaintiff's fraud claim fails as a matter of law,

and Plaintiff's misplaced contention regarding the economic loss rule does not affect the court's

determination in this regard.  The court will therefore not permit Plaintiff to further amend her

pleadings in support of her fraud claim.

### E.    Declaratory Judgment

Defendants contended, and the magistrate judge agreed, that Plaintiff's request for

declaratory relief failed because Plaintiff's underlying claims for relief fail.  Plaintiff does not

address the magistrate judge's determination in this regard; instead, she contends in her objections

that "The existence of another adequate remedy does not preclude a declaratory judgment [under

Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201] that is otherwise appropriate."  Pl.'s Obj.

11. Plaintiff acknowledges that the foreclosure and resulting damage have already occurred and cites

cases that have held that a declaratory judgment is not the appropriate procedural device to

adjudicate past conduct, but she nevertheless contends, without citing any authority, that "the Court is in a unique position . . . to 'unwind' the wrong." *Id.*

The federal Declaratory Judgment Act ("DJA") is a procedural device and does not create a substantive cause of action. *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990); *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984). Federal courts have broad discretion in granting a declaratory judgment or declining to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).

Plaintiff's declaratory judgment is based on her contention that Defendants failed to comply with the contractual and Texas statutory prerequisites for foreclosure. She also seeks a judgment that the sale of the property to Bank of America is invalid because all of the preconditions for foreclosure were not satisfied prior to the sale of the property. The court concludes that, although Plaintiff's request for declaratory relief is not premised on claims that the magistrate determined should be dismissed, it is duplicative of her claim that Defendants' failed to provide Plaintiff with notice of sale as required by paragraph 22 of the Deed of Trust and section 51.002(b) of the Texas Property Code. Accordingly, the requested declaratory judgment would not declare any significant rights not already at issue in Plaintiff's claim that Defendants' failed to provide Plaintiff with notice of sale as required by paragraph 22 of the Deed of Trust and section 51.002(b) of the Texas Property Code. The court, in exercising its discretion, therefore declines to adjudicate Plaintiff's duplicative declaratory judgment claim and determines that it should be dismissed as recommended by the magistrate judge.

## II.      Conclusion

Having independently reviewed the pleadings, motion, response, reply, file, record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court, **except to the extent herein modified**.  The court therefore **denies** Plaintiff's Motion to Reconsider and for Clarification as to Order RE:12(B)6 Motion to Dismiss; **grants in part** Defendants' Motion to Dismiss for Failure to State a Claim; and **dismisses with prejudice** all of Plaintiff's claims, except those based on Defendants' alleged failure to provide Plaintiff with notice of sale as required by paragraph 22 of the Deed of Trust and section 51.002(b) of the Texas Property Code.

Further, because the court has determined that Plaintiff's dismissed claims are either not legally viable or Plaintiff's proposed amendments would not cure the defectively pleaded claims, the court will not permit Plaintiff to further amend the claims dismissed.  With regard to Plaintiff's request to amend her contract claim, which was not dismissed, the court will also not permit the proposed amendment because, as explained, the grounds and theories asserted are not legally viable or go to claims not asserted by Defendants.  Accordingly, Plaintiff's request to amend her pleadings as proposed is **denied.**  If, however, Plaintiff wishes to amend her contract claim based on grounds or theories not addressed herein and not already alleged in her Complaint, she may file an appropriate motion, or obtain Defendants' consent, to amend her contract claim in accordance with the Federal Rules of Civil Procedure.

**It is so ordered** this 10th day of April, 2013.

Sam A. Lindsay
United States District Judge