IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REHEMA OLUFEMI-JONES**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-3428-L** |
| | § | |
| **BANK OF AMERICA, N.A.** and | § | |
| **RECONTRUST COMPANY**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Rehema Olufemi-Jones' Expedited 60(b)(4) and 60(b)(3) Motion for Relief from Order denying Motion to Reconsider and Motion for Extension of Time to File Amended Complaint (Doc. 22), filed June 3, 2013. Plaintiff also moves again to enlarge the time to file an amended complaint as to the claims previously dismissed by the court on April 10, 2013. After considering the motions, record, and applicable law, the court **denies** Rehema Olufemi-Jones' Expedited 60(b)(4) and 60(b)(3) Motion for Relief from Order denying Motion to Reconsider (Doc. 22). The court also **denies** the Motion for Enlargement of Time to File Amended Complaint included in Plaintiff's motion for reconsideration.

### I.     Rule 60(b) Motion to Reconsider

Rule 60(b) states that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(l)-(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Plaintiff's seeks relief under Rule 60(b)(3) and (b)(4). In its memorandum opinion and order entered on April 10, 2013, the court dismissed with prejudice "all of Plaintiff's claims, except those based on Defendants' alleged failure to provide Plaintiff with notice of sale as required by paragraph 22 of the Deed of Trust and section 51.002(b) of the Texas Property Code." Doc. 20. The claims dismissed included Plaintiff's claims based on alleged Deceptive Trade Practices violations, Theft Liability Act violations, fraud, and the Declaratory Judgment Act. Plaintiff's claim, based on her contention that Defendants lacked authority and standing under the Note and Deed of Trust to foreclose, was also dismissed. It appears that Plaintiff's motion for reconsideration pertains only to her claim that Defendants lacked authority and standing under the Note and Deed of Trust to foreclose. Because it is not entirely clear whether Plaintiff's motion pertains to some or all of her dismissed claims, the court assumes that she seeks reconsideration of the court's decision as to all of the dismissed claims.

Plaintiff contends that reconsideration pursuant to Rule 60(b)(3) and (b)(4) is appropriate because on or about May 2, 2013, her counsel obtained documents from Defendants, which according to Plaintiff, show that the foreclosure was improper and Defendants lacked authority to foreclose on the property at issue. From this, it appears that Plaintiff is actually seeking reconsideration pursuant to Rule 60(b)(2) based on newly discovered evidence. Plaintiff, however,

has not shown that the allegedly new obtained evidence could not have been discovered in time to move for a new trial under Rule 59(b). The 28-day deadline to seek reconsideration pursuant to Rule 59 was May 8, 2013. Plaintiff states in her motion, however, that her attorney received the documents at issue from Defendant on May 2, 2013. Plaintiff has therefore failed to meet her burden under Rule 60(b)(2). Plaintiff has also not shown or explained why reconsideration under Rule 60(b)(3) or (b)(4), which require a showing of fraud or misconduct by Defendants or a void judgment, is appropriate.

More importantly, neither Plaintiff's contentions nor the newly obtained evidence cures the various deficiencies noted in the court's prior opinion as to any of the dismissed claims. Plaintiff contends, based on the December 5, 2011 Corporation Assignment of Deed of Trust ("Assignment"), that because the Assignment "was executed after the preconditions of foreclosure had been met by BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOMES LOANS SERVICING, FKA COUNTRYWIDE HOMELOANS SERVICING LP, a separate and distinct entity," it "establishes that the entity that foreclosed and took title [pursuant to the Assignment] had performed none of the contractual preconditions to do so." Pl.'s Mot. 8-9. In other words, Plaintiff contends that, although the preconditions for foreclosure were satisfied by one entity, because the property was assigned one day before the foreclosure of the property, the entity that received the assignment was required to repeat all of the preconditions for foreclosure before it could foreclose on the property. Plaintiff maintains that because the entity that received the assignment failed to repeat all of the preconditions for foreclosure, the foreclosure and sale of the property are void. Plaintiff further asserts that because the invalidity of the sale affects the pending forcible detainer

**Memorandum Opinion and Order – Page 3**

actions in state court, she seeks reconsideration of the court's prior order and requests to amend her pleadings consistent with the facts established by the documents provided by the Defendants.

The December 5, 2011 Assignment relied on by Plaintiff that was allegedly recently produced by Defendants was attached to Defendants' Motion to Dismiss that was filed on September 14, 2012. The magistrate judge considered and referred specifically to this Assignment in ruling on Plaintiff's claim that Defendants lacked authority and standing under the Note and Deed of Trust to foreclose. The court therefore disagrees that this is a newly discovered document, and Plaintiff fails to explain why she could not have previously amended her pleadings "as a matter of course" within the time permitted by Rule 15(a)(1) to assert a claim based on this new theory. Because this claim was not before the court, there is nothing to reconsider.

Moreover, Plaintiff cites no authority, and the court is aware of none, that supports her new theory that the preconditions for foreclosure, contractual or otherwise, must be repeated every time there is an assignment of a Note or Deed of Trust even if such conditions have been previously performed and satisfied. Additionally, Plaintiff's contention that the court should reconsider its prior rulings or allow her to amend her pleadings as to the dismissed claims "because the invalidity of the sale affects the pending forcible detainer actions in state court" is not a proper basis for the relief sought. The proceedings in any forcible detainer actions pending in state court have no bearing on the court's handling of this case. Accordingly, Plaintiff is not entitled to relief under Rule 60(b), and the court will deny Plaintiff's request for relief under Rule 60(b).

**II.     Motion for Enlargement of Time to File Amended Complaint**

Plaintiff seeks enlargement of the time to amend her pleadings under the excusable neglect standard based on attorney inadvertence. As already noted, Plaintiff requests to amend her pleadings

based on allegedly newly obtained documents and contends that the entity that foreclosed and took title of the property did not perform the contractual preconditions for foreclosure. According to Plaintiff, the "failure to have included the document establishing the contractual noncompliance, fraud and misrepresentation in the March of 2012 original petition was an instance of excusable neglect." *Id.* 9. Plaintiff's request to amend her pleadings fails for the same reasons her motion for reconsideration fails. For the reasons already explained, the court will deny Plaintiff's Motion for Enlargement of Time to File Amended Complaint to plead matters pertaining to those raised in her motion.

### III. Conclusion

For the reasons herein explained, the court **denies** Rehema Olufemi-Jones' Expedited 60(b)(4) and 60(b)(3) Motion for Relief from Order denying Motion to Reconsider (Doc. 22). The court also **denies** the Motion for Enlargement of Time to File Amended Complaint included in Plaintiff's motion for reconsideration.

**It is so ordered** this 10th day of June, 2013.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge